[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 9, 1995, the plaintiff, John W. Russell, was ordered by the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., to return $2,620, representing an overpayment of unemployment compensation benefits. Russell was also advised that future benefits must be forfeited as an administrative penalty. The administrator ruled that Russell understated the amount of his earnings and the hours he worked for Herman's World of Sports Goods, Inc. This decision stated that it would become "final on the twenty second (22) calendar day after the date of mailing" unless an appeal was filed.
On December 12, 1995, Russell appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Russell had demonstrated "good cause" for filing his appeal more than twenty-one days after the administrator's notification of overpayment. The referee found that the claimant had received the administrator's notice, and CT Page 1630 had not offered any evidence that his failure to file a timely appeal was based on factors beyond his control. The claimant agreed that he had "misread or misunderstood" the terms of the notice. The referee dismissed the claimant's appeal on the ground that he lacked jurisdiction to decide the appeal because of the late filing.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (Board), asserting that he did not realize that he had to report all of his earnings and all the;e hours he worked. The claimant also stated that the reason he filed a late appeal was because he thought the 21 days limit referred to business, not calendar days. The Board adopted the referee's conclusion that he lacked jurisdiction to decide the appeal and that the claimant had not offered any reason for the late appeal which would satisfy the requirement of good cause.
Russell appeals to this court pursuant to General Statutes § 31-249b, contending that he missed the deadline for appeals to the referee inadvertently and asked the court "to pardon [him] for [his] mistake." The board filed a return of record with the court, and a hearing was held before this court on November 19, 1996.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the CT Page 1631 extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "[T]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a CT Page 1632 material fact without evidence." As was said in Calnan v.Administrator. Unemployment Compensation Act, 43 Conn. App. 779,785, A.2d (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board s decision." AccordChavez v. Administrator, Unemployment Compensation Act,44 Conn. App. 105, 106-07, A.2d (1997).
Even if the court examines this appeal on the merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion;"Calnan, supra, 43 Conn. App. 785: the plaintiffs appeal must still be dismissed. General Statutes § 31-241 (a) provides in pertinent part that a decision of the administrator shall be "final" unless an appeal is taken therefrom "within twenty-one calendar days after such notification was mailed to [the claimant's] last-known address," unless the "filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h
requires the board to promulgate regulations defining "good cause" relating to the timeliness of filing appeals.
Section § 31-237g-15 (b) of the Regulations of Connecticut State Agencies provides that a late filing may be excused "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the referee shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with [the] administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the CT Page 1633 action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause[,] the referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
"[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator, 9 Conn. App. 131, 133,517 A.2d 257 (1986), quoting Derench v. Administrator,141 Conn. 321, 324, 106 A.2d 150 (1954). In the present case, the Board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal, based on the factors enumerated in the regulations. The Board's conclusion that the plaintiff is ineligible for benefits and must repay the benefits he has already received is within the Board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator. Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the Board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the late filing of an appeal. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28 day of February, 1997.
William B. Lewis, Judge
CT Page 1634