[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 31-249b, the plaintiff, Dorothy A. Cewe, appeals a decision of the Employment Security Board of Review (Board) affirming the denial by the Administrator (Administrator) of the Unemployment Compensation Act, of her claim for unemployment compensation. On April 16, 1993, the plaintiff filed a petition of appeal to the Superior Court. On December 13, 1995, the defendant filed a brief in support of the Board's decision. The appeal was heard by the court, Sullivan, J., on December 13, 1995. At all times during the agency review process and in the appeal to the Superior Court, the plaintiff has proceeded pro se.
On July 14, 1993, the Board certified the record of this appeal to the court pursuant to General Statutes § 31-249b. The procedural history of this case, as evidenced in the record, is set forth hereinafter.
In August 1992, the plaintiff made a claim for unemployment compensation benefits pursuant to General Statutes §§ 31-235 and 31-240. On August 28, 1992, the Administrator determined that the plaintiff was ineligible for unemployment compensation benefits, concluding that she "left suitable work voluntarily and without sufficient cause connected with . . . [her] employment." See General Statutes § 31-236 (a)(2)(A).[1] The notice stated that an appeal of the Administrator's decision must be received by the Employment Security Division or postmarked no later than September 18, 1992. See; General Statutes § 31-241 (a).[2]
On September 21, 1992, three days after the period specified in §31-241 (a) for filing of an appeal, the plaintiff appealed the Administrator's decision to the appeal referee.[3] On November 12, 1992, the appeals referee rendered a decision on the issue of whether the plaintiff had good cause for filing the appeal beyond the applicable twenty-one day appeal period. See General Statutes § 31-242.[4]
CT Page 1353-T The referee concluded that the plaintiff "failed to act diligently in filling her appeal" and failed to "demonstrate exceptional personal circumstances which would provide good cause for the late filing pursuant to Connecticut Agencies Regulations § 31-237g-34 (c)(v)(i)." Accordingly, the referee dismissed the appeal for lack of jurisdiction.
Thereafter, the plaintiff timely filed an appeal to the Board of Review. See General Statutes § 31-249.[5] On January 27, 1993, the Board of Review rendered its decision. The Board found that the record revealed that "the claimant failed to carefully read the notice of appeal rights and mistakenly believed that the appeal period was thirty days in duration rather than twenty-one days." The Board affirmed the decision of the referee and dismissed the appeal on the basis of its previous rulings that "a party's negligence in misreading the appeals right advisement precludes a finding of good cause for the filing of an appeal."
The plaintiff's motion to reopen the Board's decision, filed on February 23, 1993[6], was denied by the Board on March 18, 1993. See General Statutes § 31-249a(b).[7]
The plaintiff timely filed an appeal to the Superior Court pursuant to General Statutes § 31-249b, on April 16, 1993.[8]
Judicial review of any decision shall be allowed only after an aggrieved party has exhausted her remedies before the Board. General Statutes §§ 31-249 (c), 31-248 (c). The court finds that the plaintiff has been aggrieved by the decision of the Administrator and that the plaintiff has exhausted her administrative remedies.
The standard of review for administrative appeals pursuant to General Statutes § 31-249b is well-settled. To the extent the appeal "concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review." United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry the facts nor hear evidence." Id. "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 385-86.
In addition, General Statutes § 31-249b and Practice Book § 519 CT Page 1353-U limit the court's power in unemployment compensation appeals. Section31-249b restricts the court's ability to correct findings of the Board to those circumstances defined in § 519. See General Statutes § 31-249b
(stating that "[i]n any appeal, any finding of the referee or the Board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book."); Wills v. Administrator, Superior Court, judicial district of Middlesex, Docket No. 069802 (March 10, 1995, Aurigemma, J.). Section 519 states, in part, that "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the Board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached." Practice Book § 519.
The record indicates that the plaintiff did not timely file her appeal to the referee. Thus, the issue presently before the court is whether the Board, in affirming the referee's decision, correctly determined that the plaintiff lacked good cause to excuse the late filing. This is an issue of fact. Toatley v. Administrator, Superior Court, judicial district of Fairfield, Docket No. 312301 (August 17, 1995, Levin, J.). The court finds that because this is an issue of fact and not of law, the court's review is limited to whether the Board's decision was unreasonable, arbitrary or illegal. Id.
The referee's decision stated that section 31-237g-15 (b) of the Regulations of Connecticut State Agencies provides that good cause exists if a reasonably prudent person under the same or similar circumstances would have been prevented from filing a timely appeal.[9] The referee's decision states that the plaintiff represented that she misunderstood the length of the appeal period, believing it to be thirty days. The referee determined that the plaintiff failed to act diligently in filing her appeal on the basis of her admission that she did not read the Administrator's decision carefully and on the basis of her failure to seek clarification from the local unemployment compensation or the appeals division offices.
The Board reviewed the record in the appeal, including a tape recording of the referee's hearing. In its decision, the Board stated that unless an appeal is filed within the period establishing the right to appeal, the Administrator's decision becomes final and the appeals Referee cannot exercise jurisdiction over the appeal. The Board noted the good cause exception to the twenty-one day appeal period. The Board concluded, however, that the plaintiff failed to carefully read the appeal rights advisement and thus did not demonstrate good cause for the late filing. In so concluding, the Board relied on its previous determinations that a party's negligence in misreading the appeals rights advisement precludes CT Page 1353-V a finding of good cause. Thus, the Board affirmed the decision of the referee.
The present case is similar to Roy v. Administrator, Superior Court, judicial district of Tolland at Rockville, Docket No. 52888 (November 1, 1994, Sferrazza, J.). In Roy, the referee dismissed an appeal from an adverse ruling of an administrator because the appeal was filed more than twenty-one days after the administrator's decision became final. Id. The Board found that the reason for the delay was the plaintiff's failure to read the appeals warning section of the Administrator's decision. Id. The Board concluded that this did not constitute good cause for the late filing as that term is defined in the Regulations of Connecticut State Agencies § 31-237g-15 (b). Id. The court found that the decision of the Board affirming the referee's decision was reasonable and dismissed the appeal. Id.
In Roy, the plaintiff failed to read the appeal warning and he filed the appeal 107 days late. In the present case, the plaintiff misread the appeals warning and she filed the appeal only three days late. These factual distinctions notwithstanding, in both Roy and the present case, the Board determined that a party's negligence in reading the appeals warning precludes a finding of good cause. See also Sieminski v.Administrator, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 046034 (February 10, 1995, Coppeto, J.).
Moreover, the Board's decision is consistent with Grumbs v.Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986), which holds that "appeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come too late for review." See also 7-Eleven v. Administrator. Superior Court, judicial district of Waterbury, Docket No. 123480 (July 14, 1995, Sullivan, J.).
The court is bound by findings of fact made below if reasonably supported by the record. United Parcel Service, Inc. v. Administrator,
supra, 209 Conn. 385-86. The Board's decision that the plaintiff failed to show good cause for late filing under the regulations was reasonably supported by the record. See Toatley v. Administrator, supra; Practice Book § 519. The court cannot substitute its own conclusions for those of the Board. Cervantes v. Administrator, 177 Conn. 132, 134,411 A.2d 565 (1985). Therefore the court dismisses this appeal for all the aforementioned reasons.
William J. Sullivan, Judge