[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Darrin Foster, filed a claim for unemployment compensation benefits against his former employer, Communications Supply Corporation, located in Stamford. On October 2, 1992, an appeals referee, acting under the authority of General Statutes § 31-242, determined that Foster had been discharged by his employer in July, 1992, for repeated wilful misconduct as defined in General Statutes § 31-236 (a)(2)(B).
The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., notified Foster on November 23, 1993, that he was not entitled to retain the $1,600 he had received as benefits during the course of a two-month period in 1992. This decision stated that it would become "final on the twenty-second (22) calendar day after the CT Page 9691 date of mailing" unless an appeal was filed.
On July 13, 1995, Foster appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Foster, also referred to as the claimant, had demonstrated good cause for waiting for over a year and a half to file an appeal from the administrator's notification of overpayment. The referee found that the claimant had received the administrator's notice in 1993, and had not offered any evidence that his failure to file a timely appeal was, in the words of the referee, based on "factors beyond his control." The referee dismissed the claimant's appeal on the ground that she lacked jurisdiction to decide the appeal.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board), asserting that he should not be obliged to repay the amount of benefits he had received because his receiving the benefits was "someone else's error." In a decision dated September 29, 1995, the board adopted the referee's conclusion that she lacked jurisdiction to decide the appeal and that the claimant had not offered any reason for the late appeal which would satisfy the requirement of good cause.
Foster, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that he has no obligation to return the $1,600 at issue. The board filed a return of record with the court, and a hearing was held before this court on August 2, 1996.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes §31-274 (c)." (Internal citations omitted; internal quotation marks omitted.) CT Page 9692
The second guidepost indicates that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988); see also Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
General Statutes § 31-241 (a) provides in pertinent part that a decision of the administrator shall be "final" unless an appeal is taken therefrom "within twenty-one calendar days after such notification was mailed to [the claimant's] last-known address," unless the "filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h requires the board to promulgate regulations defining "good cause" relating to the timeliness of filing appeals.
Section § 31-237g-15 (b) of the Regulations of CT Page 9693 Connecticut State Agencies provides that a late filing may be excused "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the referee shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with [the] administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause[,] the referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
"[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator, 9 Conn. App. 131, 133,517 A.2d 257 (1986), quoting Derench v. Administrator, 141 Conn. 321,324, 106 A.2d 150 (1954). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal, based on the factors enumerated in the regulations. The board's conclusion that the plaintiff is ineligible for benefits and must repay the benefits he has already received is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in CT Page 9694 administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the late filing of an appeal. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.[1]
So Ordered.
Dated at Stamford, Connecticut, this 19th day of November, 1996.
William B. Lewis, Judge