[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT (#101)
Plaintiff has appealed to the Superior Court from the CT Page 166-FF corrected decision of the Board of Review dated March 12, 1996. Defendant Administrator has filed a motion for judgment on the jurisdictional ground that the appeal was not timely filed.
The court scheduled a hearing on the instant motion at which time the pro se plaintiff/appellant appeared and, on the record, acknowledged the appeal was not filed within the statutory time period. Pursuant to General Statutes 31-249a, plaintiff/appellant had been informed by the Board that any appeal to the Superior Court would have to be received on or before April 11, 1996. He was also advised that in accordance with Section 31-249a(3), for such appeal to be timely, it would have to be received no later than the thirtieth calendar day after the date of the mailing of the decision, or, would need a legible United States Postal Service postmark indicating that it had been entrusted to the postal service within such thirty-day period.
In its corrected decision, the Board of Review found: the Administrator ruled claimant ineligible for unemployment benefits by a decision issued October 20, 1995; claimant appealed the Administrator's decision on October 24, 1995; the Appeals Referee reversed the Administrator's ruling by a decision issued on December 8, 1995; and, the employer appealed the Referee's decision to the Board on December 28, 1995. The Board also found that claimant had been discharged from employment for a knowing CT Page 166-GG violation of a uniformly enforced and reasonably applied policy; more specifically, that after repeated warnings, claimant's sleeping on the job was a knowing violation of a reasonable work rule which was reasonably applied to the claimant.
In its proposed decision (dated May 13, 1996), the Board concluded:
 "The claimant has filed a late appeal to the Superior Court from the Board of Review's decision of March 12, 1996. The claimant's appeal was received by the Board on April 15, 1996, four days after the expiration of the appeal period. The envelope containing the claimant's appeal is postmarked (Friday) April 12, 1996, one day beyond the appeal period. A decision of the Board of Review becomes final upon the expiration of the thirty-day appeal period unless the appealing party can show good cause for the late filing. [citing General Statutes Section 31-249a (a)(1); Conn. Agencies Regs. Section 31-237g-49 (d)]"
The Board further stated: "[i]n his appeal statement, . . . CT Page 166-HH claimant has not offered any reason constituting good cause for the late filing of his appeal". The Board proposed that the Court dismiss the appeal for lack of jurisdiction.
All of the above is supported by the administrative record certified to this Court, which has been reviewed in its entirety. The court has also considered the statements of the respective parties at the hearing on this motion.
It is axiomatic that "[i]n appeals of this nature, the Superior Court does not try the matter de novo", but is bound by the administrative findings of subordinate facts, and the reasonable conclusions drawn therefrom. A court's function is to ascertain, on the basis of the certified record, whether the agency action was unreasonable, arbitrary, or illegal. Robinsonv. Unemployment Security Board of Review, 181 Conn. 1, 4-5
(1980). "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Id.
"Although it is true that `[t]he purpose of the Unemployment Compensation Act is remedial, and its provisions are to be construed liberally as regards beneficiaries in order to accomplish its purpose . . . it is also true that appeals within CT Page 166-II the unemployment compensation system must be taken in a timely fashion and, if they are not, they come in `too late' for review." Gumb v. Administrator, 9 Conn. App. 131, 133 (1986). A decision of the Board becomes final on the thirty-first day after its mailing unless a timely appeal is taken. Section 31-249 a (a). An appeal shall be considered timely if the postmark indicates that within the said thirty-days "it was placed in the possession of [the] postal authorities for delivery to the appropriate office." Section 31-249a (a)(3). An appeal filed after the thirty-day period may be considered timely if the filing party shows good cause, as defined by agency regulations, for the late filing. Section 31-249 a (a)(1). Section 31-237g-49
(d) of the Regulations provides that if the party alleges good cause for failing to file an appeal within the statutorily mandated time period, the Superior Court shall determine whether good cause has been shown;[1] the regulations further provide that the Board, in certifying the administrative record to the Superior Court, shall include a proposed decision on the timeliness of any such appeal.
The Board, in forwarding its corrected decision to plaintiff/appellant, expressly informed him that an appeal to the Superior Court from that decision had to be filed by April 11, 1996. The appeal was not timely filed under General Statutes Section 31-249 a (a)(3) in that it was postmarked April 12, CT Page 166-JJ 1996. With regard to Section 31-249 a (a)(1), plaintiff/appellant has neither alleged (in his appeal statement) nor, as set forth in the Board's proposed decision, offered any reason indicating good cause for the late filing. cf. Agency Regs. Section 31-237g-49 (d). The Board's proposed decision respecting the untimeliness of plaintiff/appellant's appeal is reasonable and in accord with the provisions and requirements of law. This appeal was not timely filed under Section 31-249a.
For the reasons stated herein, the defendant's motion for judgment is Granted, and the appeal is hereby dismissed.
Mulcahy, J.
ENDNOTES