[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT (#101)
Plaintiff has appealed to the Superior Court from the CT Page 3184 decision of the Board of Review dated July 26, 1996. Defendant Administrator has filed a motion for judgment on the jurisdictional ground that the appeal was not timely filed.
Plaintiff/appellant was employed in maintenance at Superior Bakery, Inc., North Grosvenordale, from April 1994 to November 1995; he left this position on November 16, 1995 to relocate in Puerto Rico. In claiming benefits, he indicated the "quiting" of his job at Superior, and the relocation, was necessitated by a need to provide care for an ill parent. The Appeals Referee affirmed the Administrator's denial of benefits, referring to the submission of incomplete medical documentation.[1]
Plaintiff filed a timely appeal to the Board of Review from the decision of the Appeals Referee. The Board adopted the Referee's findings of fact and decision as its own, affirmed the Referee's decision, and dismissed the appeal.[2]
The Board stated that plaintiff would have thirty days in which to provide the complete medical documentation.[3]
Pursuant to General Statutes Section 31a-249a, plaintiff/appellant was informed by the Board that any appeal to the Superior Court would have to be brought by August 26, 1996.[4] He was further informed, pursuant to Section 31-249a(3), that for an appeal to be timely, it would have to be received no later than the thirtieth calendar day after the day of the mailing of the decision, or, would need a legible United States Postal Service postmark indicating that it had been entrusted to the postal service within such thirty-day period.
The decision of the Board of Review was mailed July 26, 1996; as stated, the filing date for a timely appeal to the Superior Court was August 26, 1996. Plaintiff/appellant's appeal was received November 14, 1996. In his appeal, plaintiff did not set forth reasons for the late filing. In its Proposed Decision, mailed to all interested parties on December 13, 1996, the Board stated:
 "The claimant has filed a late appeal to the Superior Court from the Board of Review's decision of July 26, 1996. The claimant's appeal was received by the Board on November 14, 1996, almost three months after the expiration of the appeal period. A decision by the Board of Review becomes final upon the expiration of the thirty-day appeal period unless the appealing party can CT Page 3185 show good cause for the late filing. [citing General Statutes Section 31-249a(a)(1); Conn. Agencies Regs. Section 31-237g-49 (d)]."
The Board stated, additionally: "[i]n his appeal statement, the claimant has not offered any reason constituting good cause for the late filing of [his] appeal." Citing the Regulation (Section 31-237g-49), the Board proposed that the Court dismiss the claimant's appeal for lack of jurisdiction.[5]
It is axiomatic that "[i]n appeals of this nature, the Superior Court does not try the matter de novo", but is bound by the administrative findings of subordinate facts, and the reasonable conclusions drawn therefrom. A court's function is to ascertain, on the basis of the certified record, whether the agency action was unreasonable, arbitrary, or illegal.Robinson v. Unemployment Security Board of Review,181 Conn. 1, 4-5 (1980). "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Id.
"Although it is true that `[t]he purpose of the Unemployment Compensation Act is remedial, and its provisions are to be construed liberally as regards beneficiaries in order to accomplish its purpose . . . it is also true that appeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come in `too late' for review." Gumb v. Administrator,9 Conn. App. 131, 133 (1986). A decision of the Board becomes final on the thirty-first day after its mailing unless a timely appeal is taken. Section 31-249a(a). An appeal shall be considered timely if the postmark indicates that within the said thirty days "it was placed in the possession of [the] postal authorities for delivery to the appropriate office." Section 31-249a(a)(3). An appeal filed after the thirty-day period may be considered timely if the filing party shows good cause,
as defined by agency regulations, for the late filing. Section 31-249a(a)(1). Section 31-237g-49 (d) of the Regulations provides that if the party alleges good cause for failing to file an appeal within the statutorily mandated time period, the Superior Court shall determine whether good cause has been shown;[6] the regulations further provide that the Board, in certifying the administrative record to the Superior Court, shall include a proposed decision on the timeliness of CT Page 3186 any such appeal.
The Board, in forwarding its decision to plaintiff/appellant, expressly informed him that an appeal to the Superior Court from that decision had to be filed by August 26, 1996. The appeal was not timely filed under General Statutes Section 31-249a. With regard to Section 31-249a(a)(1), plaintiff/appellant has neither alleged (in his appeal statement) nor, as set forth in the Board's proposed decision, offered any reason indicating good cause for the late filing. cf. Agency Regs. Section 31-237g-49 (d). The Board's proposed decision respecting the untimeliness of plaintiff/appellant's appeal is reasonable and in accord with the provisions and requirements of law. This appeal was not
timely filed under Section 31-249a.
For the reasons stated herein, the defendant's motion for judgment is Granted, and the appeal is hereby dismissed.
MULCAHY, J.