[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 16, 1997
The Administrator of the Unemployment Compensation Act filed this motion for judgment, moving that the court dismiss the appeal because the appellant has filed the appeal beyond the thirty-day appeal period provided for by General Statute § 31-249
(a).
General Statute § 31-249a(a)(1) provides that "(1) any such appeal or motion which is filed after such thirty-days period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to Section 31-249h for the late filing . . ."
The record reveals that the Board of Review rendered its decision, sought to be appealed from, by its mailing to the appellant on October 17, 1996. The Board found that the appellant filed his appeal to the Superior Court on November 21, 1996. The filing of this appeal, by calendar calculation, was filed with CT Page 3682 the Board on the thirty-fifth day following the mailing of the decision. This is five days beyond the thirty-day appeals period.
The appellant moved that the Board determine that the late filing of his appeal was "for good cause" such as to permit or excuse the late filing of the appeal (General Statute § 31-249a(a)(1). The Board determined, by its decision of December 19, 1996, that the appellant did not show good cause for the late filing.
The Board determined that the claimant moved during the pendency of the appeal to the Board of Review but failed to inform the Board of his change of address. The Board further refers to the testimony of the claimant that his wife complained to the Post Office about delays on the part of the Post Office in forwarding mail to the claimant and his wife. The findings of the Board do not take issue with the contention that there was a change of address or that the claimant made arrangements with the Post Office to forward the mail.
The Board concluded that the claimant, under the circumstances, did not check his mail with sufficient frequency, deciding that once per week is not sufficient to check with the Post Office. The Board also determined that because the claimant could not state exactly when he received the notice of the decision he could not therefore demonstrate good cause.
General Statute § 31-249a(a)(1) refers the court to the administrative regulations adopted pursuant to Section 31-249h. The regulations Section 31-237g establish criteria for determining good cause. Section 31-237g-49 (d) refers the court to "the standard of a reasonably prudent individual" which standard is guided by Regulation Section 31-237g-49 (c).
Many of the eleven guides of 31-237g-49 (c) are not relevant to this decision (such as coercion and the like). Those criteria that are relevant clearly favor the claimant. C-(1) — "previous diligence," which the record clearly demonstrates was accomplished by the claimant. C-(11) The claimant was not being represented C(111) Degree of familiarity with procedures. There is no showing of such familiarity. C(IV) Timely and adequate notice of need to act. The record does not relate the time of receipt of actual notice and therefore it cannot rationally be determined one way or another that there was such adequate notice. The statute, by its very terms is designed to hopefully CT Page 3683 provide an actual notice period of almost thirty days, less a few days for the mail to arrive. C(VI) Factors outside the control of the party. The claimant has no control over the Post Office forwarding procedures. The basis of the Board's determination that checking the mail for forwarding once per week is prima facie unreasonable, is not supportable by any evidence or by any reference to any generally accepted standard. C(VIII) Whether the party acted diligently in filing the motion to determine good cause. The record clearly reflects such due diligence.
As aforesaid, none of the other criteria are factually applicable, nor do they purport to form a basis for the Board's failure to find "good cause."
The Administrator, in his brief on this motion, cites the case of Gumbs v. Administrator, 9 Conn. App. 131 (1986), for the proposition that if the appeal is not filed in a timely fashion, the appeal comes too late for review and must be dismissed. However, in that case, the Appellate Court takes care to note ". . . and a letter informing her of that denial was mailed to her the following day at her then last known address. She hascontinued to reside at that address during these proceedings"
(emphasis added; p. 132). That factual circumstance is just the reverse of the circumstances presented by the record in this case.
The appellant's appeal in this case, which has been vigorously defended since its inception, presents questions of law which are substantially more complex, and transcends an elementary denial of benefits or requests for payment. The administrator seeks to impose monetary penalties based upon a vigorously challenged proposition of "fraudulent failure to report self employment." Such conclusions are of grave significance as concerns any citizen. Fraud may only be supported by "clear and convincing" evidence. An appellant's right to judicial review, particularly as concerns any such conclusions should not be foreclosed unless the circumstances dictate that such foreclosure is in fact warranted. This is a matter of serious concern as the appellant's application form answered "yes" to the question "are you self employed in business of any kind?"
The court determines that the determination of the Employment Security Appeals Division that the appellant failed to "show good cause" to justify the five day late filing of this appeal was CT Page 3684 arbitrary, unreasonable and in abuse of discretion. Consequently the court denies the motion of the Administrator to dismiss this appeal on the basis of late filing of this appeal.
SULLIVAN, L., J.