[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Kohout, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits against his former employer, Interior Demolition. Kohout claimed that his job had been terminated by his employer. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Kohout's application for unemployment compensation benefits on the basis that he did not quit his job voluntarily, but rather had been discharged because he did not appear for work on Sunday, January 7, 1996. The administrator determined that working Sundays was CT Page 4567 voluntary and that the claimant had not engaged in any wilful misconduct.
Interior Demolition appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Kohout quit his job voluntarily without good cause attributable to his employer. The referee made the following factual findings: (1) the claimant had worked for the employer for about three and a half years delivering and setting up furniture, and that he worked on Saturday, January 6, 1996; (2) the claimant was scheduled to next work on January 15, 1996, but did not appear for work on that date; (3) the claimant contended that he was entitled to overtime pay for working on Saturday, January 6, 1996; (4) the employer only paid overtime if an employee worked more than 40 hours a week, and that the claimant had only worked 28 1/2 hours during the week ending January 6, 1996; and (5) the claimant quit his job when the employer refused to pay him overtime for working on January 6, 1996. The referee concluded that the claimant left his job voluntarily because of a dispute regarding overtime pay, and not for good cause attributable to the employer because the employer had no obligation to pay overtime in view of the number of hours worked by the claimant in the week leading up to Saturday, January 6, 1996. The referee referred to General Statutes §31-236 (a)(2)(A), as amended by No. 95-323, § 8, of the 1995 Public Acts, which provides in pertinent part that a claimant is ineligible for benefits if he had "left suitable work voluntarily and without good cause attributable to the employer." Accordingly, the referee reversed the administrator's decision granting unemployment benefits to the claimant.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board), asserting that he had left his employment involuntarily because he had been fired. The board determined that the claimant had not filed a timely appeal from the referee's decision because the referee's decision was mailed on March 27, 1996, and the appeal was not taken until June 19, 1996, citing General Statutes § 31-248 (a). This statute provides that one must appeal a referee's decision within twenty-one days after the decision is mailed. The board is, however, authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to CT Page 4568 section 31-249h, for the late filing." The claimant alleged that he was seeking legal advise and therefore did not file a timely appeal.
General Statutes § 31-249h states that the Board shall adopt regulations which define "good cause" for purposes of late filings of appeals. Section § 31-237g-34 (c) of the Regulations of Connecticut State Agencies provides that a party may be excused for not filing an appeal of a referee's decision to the Board within twenty-one days "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
In this case, the board determined that the referee's decision was mailed to the claimant on March 27, 1996, and that the appeal to the board was not filed until June 19, 1996, which was beyond the statutorily prescribed twenty-one day appeal period. According to the board, the claimant had not demonstrated "good cause" for his tardy appeal and hence, in accordance with § 31-237g-41 of the Regulations of Connecticut State Agencies,[1] the appeal was dismissed. The claimant, CT Page 4569 hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that he left his job with Imperial Demolition involuntarily.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'"Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or CT Page 4570 regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
The board's conclusion of ineligibility for benefits is based on its determination that the plaintiff waited too long before appealing and did not demonstrate good cause for this late filing. The referee's decision contained in bold print a notice concerning the right to appeal his decision. The notice of rights referred specifically to the necessity of appealing within twenty-one days. "[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator,9 Conn. App. 131, 133, 517 A.2d 257 (1986), quoting Derench v.Administrator, 141 Conn. 321, 324, 106 A.2d 150 (1954). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal based on the factors enumerated in the regulations. The board's conclusion that Kohout is ineligible for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was justified in the present case in reaching its conclusion concerning whether the late filing of an appeal was justified. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28 day of April, 1997.
William B. Lewis, Judge