[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The claimant, Jeannette St. Jean Baptiste, filed a claim for unemployment compensation benefits and the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., determined that the claimant had been overpaid benefits because she had filed for benefits after returning to work. The decision stated that the award would become "final on the twenty-second (22) calendar day after the date of mailing, which was October 16, 1990, unless an appeal was filed.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment CT Page 14343 security appeals division on August 11, 1997, where it was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the administrator's decision regarding overpayment was mailed to the claimant at 125 Prospect Street, Apt. 1, Stamford on October 16, 1990; (2) in November and December, 1990, three weeks of benefits were denied to the claimant because of the overpayment of benefits; (3) at the time these benefits were withheld the claimant would have been notified by automated messages that she was being subjected to an administrative penalty; and (4) the file indicated that a representative of the Benefit Payment Control Unit spoke with the claimant in December, 1991, explaining that the claimant had been overpaid benefits. The referee dismissed the claimant's appeal on the ground that she lacked jurisdiction to decide the appeal because of the late filing.
In accordance with General Statutes § 31-249, the appellant appealed this decision to the employment security appeals division board of review (board), asserting that she never received notice of the overpayment, that she resided in Apt. 1A, not Apt. 1 at 125 Prospect Street, and that she had moved three times since October 16, 1990. The board supplemented the record by a finding that the claimant had contacted the Administrator on December 17, 1991, and that "the overpayment was explained to her at that time." The board adopted the referee's conclusion that she lacked jurisdiction to decide the appeal and ruled that the claimant had not offered any reason for the late appeal which would satisfy the requirement of good cause.
The claimant, hereinafter referred to as the plaintiff, filed a timely appeal to this court pursuant to General Statutes § 31-249b, contending that she was not paid by her employers at the same time she was receiving unemployment benefits. The board filed a return of record, and a hearing was held before this court on August 28, 1998.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical society v.CT Page 14344Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . .Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . .If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 ( 1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
General Statutes § 31-241 (a) provides in pertinent part that a decision of the administrator shall be "final" unless an appeal is taken therefrom "within twenty-one calendar days after such notification was mailed to [the employer's] last-known address," unless the "filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late CT Page 14345 filing." General Statutes § 31-249h requires the Board to promulgate regulations defining "good cause" relating to the timeliness of filing appeals.
Section 31-237g-15 (b) of the Regulations of Connecticut State Agencies provides that the late filing of an appeal to a referee may be excused "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the referee shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with [the] administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause[,] the referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
"[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator, 9 Conn. App. 131, 133,517 A.2d 257 (1986), quoting Derench v. Administrator,141 Conn. 321, 324, 106 A.2d 150 (1954). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal, based on the factors enumerated in the regulations. The board's conclusion that the plaintiff was overpaid benefits and is subject to a penalty is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under CT Page 14346 our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute."Id., 113.
Neither the board or this court has jurisdiction to hear the plaintiff's appeal. Without the requisite jurisdiction, this court is powerless to act. "[Wlhenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." In re Judicial Inquiry No. 85-01,221 Conn. 625, 629, 605 A.2d 545 (1992).
The court finds, on the basis of the certified record, that the board was justified in the conclusions it reached concerning the late filing of an appeal to the referee. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff s appeal.
So Ordered.
Dated at Stamford, Connecticut, this.....day of December, 1998.
William B. Lewis, Judge