ELEANOR O. DERENCH *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

322

Argued May 4—decided June 4, 1954

*William B. Hennessy,* for the appellant (plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Beers,* attorney general, for the appellee (defendant).

BALDWIN, J. This is an appeal from a judgment of the Superior Court dismissing the plaintiff's appeal from a decision of the unemployment commissioner for the fifth district. The basic question is whether the trial court erred in granting the motion of the administrator to dismiss the appeal from the

commissioner because it had not been taken within the time prescribed by statute.

The record discloses the following facts: On December 22, 1952, the plaintiff presented her claim for unemployment benefits to the administrator. After a hearing on January 5, 1953, the administrator, by written notice mailed that day, disapproved the claim because of the failure of the plaintiff to comply with his regulations. On January 19, 1953, the plaintiff appealed to the unemployment commissioner. He dismissed her appeal on April 8 because it had not been filed within the time prescribed by General Statutes § 7513. On April 22, she moved to correct the finding, but the commissioner took no action on the motion. On the same day, she addressed to the commissioner a "Petition for Review of Finding of Unemployment Compensation Commissioner." It recited: "The claimant . . . hereby . . . files this petition for review of the Finding of April 8, 1953, . . . of Unemployment Commission, Fifth Congressional District, and for grounds thereof assigns the following: (1) The commissioner erred in failing to find in accordance with paragraphs 1 to 16, inclusive, of the Motion to Correct the Finding . . . . (2) In holding and deciding that he has no power or jurisdiction to decide on the merits of this claim and to arrive at substantive justice thereon." Upon receipt of this "petition," the commissioner caused to be stamped upon it the following: "Received Apr. 22, 1953, Appeals Commissioner, 5th Cong. Dist." On April 23, 1953, the plaintiff filed with the commissioner what she described as an "Appeal from Unemployment Compensation Commissioner," addressed to the Superior Court. The "petition" and the "appeal" were both forwarded to the Superior Court, where they

were filed, the former on May 28, 1953, and the latter on April 24, 1953.

A decision of an unemployment commissioner becomes final on the fifteenth day after its rendition. General Statutes § 7520. An appeal must be taken before the fifteenth day. General Statutes § 7521. The decision of the commissioner rendered on April 8 became final on April 23. An appeal filed on April 23 would be too late. If, however, the "petition" received on April 22 can be held to be an appeal, the plaintiff acted seasonably. Section 7516 of the General Statutes provides that in hearings and appeals "no formal pleadings shall be required, beyond such informal notices as the commissioner shall approve," and that "proceedings shall be had, as far as possible, in accordance with the rules of equity." Our rules of practice require that the procedure in unemployment compensation cases shall follow, so far as practicable, that in workmen's compensation cases, "except as otherwise specifically provided by statute." Practice Book § 322. A form for an appeal is provided. Id., Form No. 468. While an appeal from the commissioner in a workmen's compensation case is filed in the Superior Court (General Statutes § 7450; Practice Book, Form No. 462) in an unemployment compensation case it is filed with the commissioner. General Statutes § 7521.

The purpose of the Unemployment Compensation Act is remedial, and its provisions are to be construed liberally as regards beneficiaries in order that it may accomplish its purpose. *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82, 20 A.2d 455; *Kelly* v. *Administrator,* 136 Conn. 482, 487, 72 A.2d 54. The commissioner evidently concluded that the "petition" was, in effect, an appeal. While it was not addressed to the Superior Court in com-

pliance with the form, it was filed with the commissioner as the statute required. It presented the question whether he erred in refusing to pass upon the appeal from the administrator and to correct the finding. The phraseology of the petition indicated clearly that the plaintiff wished to obtain a review of the decision of the commissioner, and he apparently so construed it. He received the "petition" but did not act upon it except to file it with the Superior Court as the statute prescribed. General Statutes § 7521. It was within his power to do this. See *Makris* v. *Chase Brass & Copper Co.,* 136 Conn. 340, 345, 71 A.2d 77. In view of the remedial nature of unemployment compensation legislation and the apparent intent of the legislature, expressed in General Statutes, § 7516, that a claimant's petition should not be dismissed because of his failure to comply with some technicality of procedure, we hold that the so-called petition for review constituted an appeal which was filed within the time allowed.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss.

In this opinion the other judges concurred.