JOYCE GUMBS *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT, ET AL.
(4306)

BORDEN, DALY and BIELUCH, Js.

Argued October 8—decision released November 11, 1986

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellant (defendant).

*Joyce Gumbs,* pro se, the appellee (plaintiff).

DALY, J. The named defendant,[1] the administrator of the Unemployment Compensation Act, appeals from the trial court's judgment remanding the case for a

---

[1] The second defendant, the town of Greenwich, has not filed an appeal in this case.

hearing on the merits after sustaining the plaintiff's appeal from the decision of the employment security board of review to dismiss the case for untimeliness.

The plaintiff was discharged from employment by the town of Greenwich on October 15, 1983. She was denied unemployment benefits by the defendant on February 15, 1984, and a letter informing her of that denial was mailed to her on the following day at her then last known address. She has continued to reside at that address during these proceedings. The letter denying benefits advised her of the right to appeal the decision within a twenty-one day period pursuant to General Statutes § 31-241.[2] The plaintiff appealed her denial to an employment security appeals referee on April 2, 1984, more than twenty-one days from the date of mailing of notification of the denial of benefits.

The referee dismissed the appeal as untimely, and so notified the plaintiff on April 27, 1984, by a decision mailed to her last known address. The letter reporting the decision referred to the limited time during which to file a further appeal, pursuant to General Statutes § 31-248.[3] On July 25, 1984, beyond the time limited for appeal, the plaintiff appealed further to the board of review, which also dismissed the appeal as late, pursuant to General Statutes § 31-249.[4]

---

[2] General Statutes § 31-241 provides in pertinent part: "The decision of the administrator shall be final and benefits shall be paid or denied in accordance therewith unless the claimant . . . within twenty-one days after such notification was mailed to his last-known address, files an appeal from such decision and applies for a hearing. . . ."

[3] General Statutes § 31-248 provides in pertinent part: "Any decision of a referee in the absence of an appeal therefrom . . . shall become final on the twenty-second day after the date on which a copy of the decision is mailed to the party. . . ."

[4] General Statutes § 31-249 provides in pertinent part: "[W]ithin the periods of limitation prescribed in section 31-248, any party . . . may appeal therefrom to the [employment security] board."

The plaintiff then appealed to the Superior Court, which remanded the case for a hearing on the merits after finding that the claims examiner had failed to reach the plaintiff by telephone for rebuttal of the employer's position on February 15, 1984, the day before the original notice of denial of benefits was mailed to the plaintiff.

Although it is true that "[t]he purpose of the Unemployment Compensation Act is remedial, and its provisions are to be construed liberally as regards beneficiaries in order that it may accomplish its purpose"; *Derench* v. *Administrator,* 141 Conn. 321, 324, 106 A.2d 150 (1954); it is also true that appeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come "too late" for review. Id. The plaintiff's petition for review should have been dismissed by the trial court as untimely.

There is error, the judgment sustaining the plaintiff's appeal is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.