[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff appeals to this court from the decision of the Employment Security Appeals Division Board of Review of June 7, 1996 which affirmed the decision of Associate Appeals Referee Grace E. Grant, which Referee determined that she had no jurisdiction to determine the appeal from the Administrator of the Unemployment Compensation Act.
The Appeals Referee determined that the decision of the Administrator was issued on September 28, 1995. That General Statute 31-241 required that the decision of the Administrator is final unless the claimant or employer files an appeal from the decision within 21 days after the decision was mailed to his last known address of record. That the claimant did receive the Administrator's letter of September 28, 1995. That he did not read the appeal rights advisement. That he filed his appeal on January 19, 1996, which is well beyond the expiration of the 21 day appeal period. CT Page 9218
The Appeals Referee further found that "the claimant did not file a timely appeal because, at the time, the claimant was involved in an arbitration procedure with his former employer and he was distracted with this process and failed to give the unemployment matter his full attention."
The regulation of the Administrator, promulgated under General Statutes 31-241 (b), being Connecticut Agencies Regulations § 31-237g-15 (b) allows for a claimant to show good cause for the late filing the appeal, after the twenty first day, to attempt to avoid the otherwise mandatory application of the 21 days appeal limitation. The Appeals Referee, applying the Regulation criteria of "a reasonably prudent person under the same or similar circumstances would have been prevented from filing a timely appeal" determined that "failure to read the appeals advisement does not afford the claimant good cause for filing a late appeal.
The Appeals Referee affirmed the decision of the Administrator and dismissed the Appeal for lack of jurisdiction.
The Employment Security Appeals Division Board of Review affirmed the decision of the Appeals Referee. "The decision of the Referee is affirmed and the appeal isdismissed. (Emphasis in the original).
The court has reviewed the record and determines that the decision of the Appeals Referee and the Employment Security Appeals Division Board of Review is fully supported by the record and is not arbitrary, unreasonable or in abuse of discretion.
 "it is also true that appeals within the unemployment compensation system must be taken on a timely fashion and, if they are not, they come `too late for review'. Id. The plaintiff's petition for review shall be dismissed by the trial court as untimely".
 Gumbs v. Administrator, 9 Conn. App. 131, 133 (1986)
Consequently the motion to Dismiss of the Administrator, Unemployment Compensation Act, is granted. CT Page 9219
L. Paul Sullivan, J.