[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Pierre Moise, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits and the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., determined that the claimant had been overpaid benefits in the amount of $2,914.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment security appeals division,, where it was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the claimant had worked for five employers in 1995 and 1996 and neglected to advise the Department of Labor that he was earning money from said employers at the same time he was obtaining unemployment compensation benefits; and (2) the testimony of the claimant that he was not aware that he should have advised the Department of his earnings was not credible because he checked "no" in response to questions of whether he was working.
The referee concluded that the claimant "knowingly made a false statement and knowingly failed to disclose a material fact in order to obtain benefits." According, the referee affirmed the administrator's decision finding an overpayment and assessing a penalty of ineligibility for benefits for a period of thirty weeks..
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board), asserting that he was only working "on-call" and that he showed his pay to "the people at the unemployment office and I was told it is nothing — just forget about it." Citing General Statutes § 31-248(a) the board determined that the claimant had not filed a timely appeal from the referee's decision because that decision was mailed on July 15, 1997, and the appeal was not taken until August 12, 1997. This statute provides that one must appeal a referee's decision within twenty-one days after the decision is mailed. The board is, however, authorized to hear a late appeal if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." The claimant alleged that he did not file a timely appeal because he "did not understand that the decision was not in his favor" because the appeal said "dismissed." CT Page 14353
General Statutes § 31-249h provides that the Board shall adopt regulations which define "good cause" for purposes of late filings of appeals. Section § 31-237g-34 (c) of the Regulations of Connecticut State Agencies provides that a party may be excused for not filing an appeal of a referee's decision to the Board within twenty-one days "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
In this case, the board determined that the referee's decision was mailed to the claimant on July 15, 1997, and that the appeal to the board was not filed until August 12, 1997, which was beyond the statutorily prescribed twenty-one day appeal period. According to the board, the claimant had not demonstrated "good cause" for his tardy appeal and hence, in accordance with § 31-237g-41 of the Regulations of Connecticut State Agencies[1] the appeal was dismissed.
The claimant, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. CT Page 14354 The plaintiff again contends that he told "the people at the unemployment office" but was advised "to just forget about it." The plaintiff says he now understands that he had an overpayment but that he did not "knowingly make any false statements."
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . .Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . .If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, [t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323, CT Page 14355439 A.2d 1008 (1981). Moreover the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
The board's conclusions of overpayment and penalty are based on its determination that the plaintiff waited too long before appealing and did not demonstrate good cause for this late filing. The referee's decision contained in bold print a notice concerning the right to appeal her decision. The notice of rights referred specifically to the necessity of appealing within twenty-one days. "[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come too late' for review." Gumbs v. Administrator,9 Conn. App. 131, 133, 517 A.2d 257 (1986), quoting Derench v.Administrator, 141 Conn. 321, 324, 106 A.2d 150 (1954). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal based on the factors enumerated in the regulations. The board's conclusion that the plaintiff was overpaid benefits and is subject to a penalty is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. The court finds, on the basis of the certified record, that the board was justified in the present case in reaching its conclusion concerning whether the late filing of an appeal was justified. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this.....day of December, 1998.
William B. Lewis, Judge