[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The claimant, Joseph R. Gedeon, received unemployment compensation benefits and the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., determined that the claimant had been overpaid by $7,243 because he was not entitled to such benefits and was also not entitled to a waiver of the necessity of repayment. The decision, which was dated September 26, 1997, stated that it would become final "unless, within twenty-one (21) calendar days after the date of mailing," of the notification, an appeal was filed.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment security appeals division on December 30, 1997, where it was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the administrator's decision regarding overpayment was mailed to the claimant on September 26, 1997; (2) the claimant did not testify that he failed to receive such notification, but did testify that he did not have problems with the receipt of mail; and (3) on or about December 3, 1997, the claimant contacted an advisor who helped him prepare an appeal of the administrator's decision, which appeal was not postmarked until December 30, 1997, and not received until January 2, 1998. The referee dismissed the claimant's appeal on the ground of lack of jurisdiction to decide the appeal because of the late filing and the absence of good cause for a late appeal.
In accordance with General Statutes § 31-249, the appellant appealed this decision to the employment security appeals division board of review (board), asserting that he never received notice of the overpayment. The board adopted the referee's conclusion regarding lack of jurisdiction to decide the appeal and further ruled that the claimant had not offered any valid reason for the late appeal which would satisfy the requirement of good cause. The board also concluded that the claimant had not acted with "reasonable diligence" even after he CT Page 7564 began to prepare an appeal to the referee in early December, 1997 . .
The claimant, hereinafter referred to as the plaintiff, filed a timely appeal to this court pursuant to General Statutes §31-249b, contending that sometimes he did not receive his mail on time if it was placed in the first floor mail box as he lived on the second floor. The board filed a return of record, and a hearing was held before this court on February 2, 1999. The defendant has moved (#101) that the plaintiff's appeal be dismissed on the basis that the plaintiff waited too long before appealing the administrator's decision to the referee and had not demonstrated good cause for the late appeal.
General Statutes § 31-241 (a) provides in pertinent part that a decision of the administrator shall be "final" unless an appeal is taken therefrom "within twenty-one calendar days after such notification was mailed to [the claimant's] last-known address," unless the "filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." See also sec. 31-237g-15 of the Regulations of Connecticut State Agencies. General Statutes § 31-249h requires the board to promulgate regulations which "establish a definition of good cause" for purposes of late filing of appeals.
Section 31-237g-15 of the Regulations provides that the late filing of an appeal to a referee may be excused "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Referee shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with [the] Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the Appeals Division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from CT Page 7565 adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause[,] the Referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
"[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator, 9 Conn. App. 131, 133,517 A.2d 257 (1986), quoting Derench v. Administrator,141 Conn. 321, 324, 106 A.2d 150 (1954). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal to the referee, based impliedly on the factors enumerated in the regulations. The board's conclusion that the plaintiff was overpaid benefits and is subject to a penalty is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
Neither the board or this court has jurisdiction to hear the plaintiff's appeal. Without the requisite jurisdiction, this court is powerless to act. "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." In re Judicial Inquiry No. 85-01,221 Conn. 625, 629, 605 A.2d 545 (1992).
The court finds, on the basis of the certified record, that the board was justified in the conclusions it reached concerning the late filing of an appeal to the referee. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 1st, day of June, 1999. CT Page 7566
William B. Lewis, Judge