[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Linda M. DelBianco ("claimant") filed a claim for unemployment compensation benefits against her former employer, Da Pietro's Restaurant, Inc., of Westport, hereafter referred to as "employer." The employer contends that the claimant, who had been employed as a waitress for about three years, voluntarily left her job on September 28, 1991. The claimant states that she terminated her employment for medical reasons, specifically, a circulatory system disorder known as "Raynauds Disease" which affects the extremities in cold weather, which in turn caused her to relocate to Florida.
The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that she had left her job voluntarily and for personal reasons not related to her employment.
Pursuant to General Statutes § 31-241 and 31-242, the claimant appealed the administrator's decision that she had, in the words of General Statutes § 31-256 (a)(2)(A), "voluntarily left suitable work without sufficient job-connected cause," to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant "left suitable work voluntarily and without good cause attributable to the employer."
The referee made the following factual findings: (1) the claimant's job as a waitress required that she be exposed to cold, including handling cold drinks going outside and entering into a walk-in refrigerator; (2) there was not any possibility of wearing different or warmer clothes because of the nature of her CT Page 7570 job; and (3) her health improved after she moved to Florida. The referee concluded that the claimant had left her job because it adversely affected her health. "It is clear that the type of work she was doing was adversely affecting her health." Accordingly, the referee reversed the administrator's decision denying unemployment benefits.
In accordance with General Statutes § 31-249, the employer appealed this decision to the employment security appeals division board of review (board of review), asserting that it had never been advised of the claimant's health problems with cold weather. The board adopted the referee's findings of fact and affirmed the granting of benefits to the claimant on the basis that the employer had failed to attend the hearing before the referee and had not demonstrated good cause for such failure. Hence, the board determined that the employer is deemed "to have waived the right to object to findings of fact made on the basis of such testimony and evidence." The employer filed a motion to reopen, which was denied by the board in a decision dated November 3, 1993.
The employer, hereinafter referred to as the plaintiff, then appealed to this court pursuant to General Statutes § 31-249b on December 9, 1993. The defendant has moved that the plaintiff's appeal to this court be dismissed on the basis that the plaintiff waited too long before appealing to this court and had not demonstrated good cause for the late appeal. General Statutes § 31-249a(a) provides that a decision of the board "shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." See also Regs., Conn. State Agencies § 31-237g-49(e). The appeal was filed thirty-six days after the board's decision on the motion to reopen. The board is authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h states that the board shall adopt regulations which establish a definition of "good cause" for purposes of late filings of appeals.
Regs., Conn. State Agencies § 31-237g-49(e) provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein." CT Page 7571 Subsection (c) of this section of the regulations provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the Appeals Division; (iv) Whether the party received timely and adequate notice of the need to act; (v) administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
The plaintiff did not offer any cogent reason for its late appeal, and the board concluded that the plaintiff had failed to show good cause for the delayed filing with this court. The board determined that the late appeal was not based on factors outside the plaintiff's control, but rather that the plaintiff knew the last day on which the appeal could be filed but had failed to demonstrate "due diligence." "[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come "too late' for review. Gumbs v.Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986), quoting Derench v. Administrator, 141 Conn. 321, 324,106 A.2d 150 (1954). The conclusion of lack of good cause for an untimely appeal is within the competence of the board of review and should not be disturbed. CT Page 7572
Furthermore, "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allows for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds on the basis of the certified record that the defendant's motion (#101) to dismiss, dated October 27, 1998, based on the late filing of an appeal to this court, is legally and logically based on the record of the case. Therefore, judgment enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 1st. day of June, 1999.
William B. Lewis, Judge.