[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Juan G. Sierra (claimant) filed a claim for unemployment compensation benefits against his former employer, Trafalgar, Ltd. (employer), of Norwalk. The employer contends that the claimant, who had been employed as a sewing machine operator for about eleven years, was discharged on or about November 7, 1997, for wilful misconduct involving insubordination to his supervisor.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that the employer had failed to demonstrate that the claimant had been "discharged for wilful misconduct or a `knowing violation.'"
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The appeals referee made the following factual findings: (1) on November 7, 1997, when questioned by his supervisor about his work performance and procedures, the claimant became upset, raised his voice and repeatedly pointed his finger in a wild manner at the supervisor's chest; (2) the controversy went on for about five to ten minutes and was witnessed by other co-workers; and (3) about three months prior to the above incident, the claimant had a "tantrum" and was warned that "screaming at work" was not acceptable behavior. The appeals referee concluded that the claimant had been discharged for "wilful misconduct," and reversed the administrator's decision granting unemployment benefits.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security CT Page 15830 appeals division board of review (board), asserting that he had never been warned about his conduct, had not raised his voice or gestured at his supervisor, and was not insubordinate to the supervisor. The board denied the claimant's request to produce two character witnesses as the claimant had been notified that the time and place to present all witnesses was at the hearing before the appeals referee. In addition to denying the request for an evidentiary hearing, the board also adopted the appeal referee's findings of fact and affirmed the denying of benefits to the claimant. The board determined that the appeals referee had made a "credibility determination" in finding that the claimant "was loud and was gesturing wildly toward the supervisor." This decision was mailed by the board to the claimant on May 18, 1998.
The claimant, now referred to as the plaintiff then appealed to this court pursuant to General Statutes § 31-249b on December 28, 1998. See also Regs., Conn. State Agencies § 31-237g-51. The defendant has moved that the plaintiffs appeal to this court be dismissed on the basis that the plaintiff waited too long before appealing and had not demonstrated good cause for the late appeal. General Statutes § 31-249a (a) provides that a decision of the board "shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." See also Regs., Conn. State Agencies § 31-237g-49 (a). This appeal was filed approximately seven months after mailing of the board's decision to the plaintiff.
The plaintiffs reason for his late appeal was "because I do not speak or read English. I had to rely on other sources to explain the decision to me. Lack of knowledge regarding the process resulted in the late appeal." The board concluded that the plaintiff had failed to show good cause for the delayed filing with this court because "the Appeals Division has placed a Spanish legend at the top of its documents to alert Spanish-speaking parties to have the decision translated immediately because there is a limited time in which to appeal. The Board's decision issued to the claimant contained that notice in Spanish."[1]
The board stated that the plaintiff had failed to present a good reason why he delayed so long in translating the decision. Hence, the board, pursuant to Regs., Conn. State Agencies § 31-237g-49
(d), included in the record a "proposed decision on the timeliness of any such appeal." The board proposed that "the Court dismiss the claimant's appeal for lack of jurisdiction." CT Page 15831
General Statutes § 31-249a (a) provides that an appeal shall be considered to be "timely filed" if the filing party demonstrates "good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h states that the board shall adopt regulations which establish a definition of "good cause" for purposes of late filings of appeals.
Regs., Conn. State Agencies § 31-237g-49 (d) provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein. The Board, in certifying the record of proceedings to the Superior Court, shall include a proposed decision on the timeliness of any such appeal."
Regs., Conn. State Agencies § 31-237g-49 (c) provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the Appeals Division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its motion; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the CT Page 15832 appeal is excessively late, and whether the party otherwise acted with due diligence."
The proposed decision by the board regarding timeliness of the appeal is logical and reasonable. The plaintiffs inability to read English is not dispositive because the notice to the plaintiff of the board's decision contains a notice in Spanish of the need to act immediately as the time to appeal is limited. "[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator, 9 Conn. App. 131,133, 517 A.2d 257 (1986), quoting Derench v. Administrator,141 Conn. 321, 324, 106 A.2d 150 (1954).
The court finds on the basis of the certified record that the defendant's motion (#101) for judgment, dated March 22, 1999, based on the late filing of an appeal by the plaintiff to this court should be granted. Therefore, judgment enters dismissing the plaintiffs appeal.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of December, 1999.
William B. Lewis, Judge