[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Dominic A. Zaccardo, Jr. (claimant) filed a claim for unemployment compensation benefits against his former employer, American Property Management, Inc. (employer). The employer contends that the claimant, who had been employed as a concierge supervisor at a condominium, Newbury Common, in Stamford, for over three years, left his employment voluntarily on or about March 19, 1999. The claimant stated that he had left his job because of job-related stress and pressure.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that the claimant left his employment voluntarily and without good cause attributable to the employer.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The appeals referee made the following factual findings: (1) the claimant and his employer had discussed the feasibility of the claimant working in a non-supervisory position, but the claimant did not want his supervisory pay reduced to reflect his diminished responsibilities; (2) the claimant did not offer sufficient evidence to justify his claim of job-related stress; and (3) the claimant could have remained employed at a decrease in salary commensurate with new responsibilities.
The appeals referee concluded that the claimant had left work voluntarily and without good cause attributable to the employer. Thus, the referee affirmed the administrator's decision denying unemployment compensation benefits to the claimant.
In accordance with General Statutes § 31-249, the claimant appealed CT Page 2247 this decision to the employment security appeals division board of review (board). The board adopted the appeal referee's findings of fact and determined that the medical evidence submitted by the claimant did not demonstrate that the proposed non-supervisory position at a reduced wage was "unsuitable" for the claimant. Thus, the board affirmed the denial of benefits to the claimant and its decision was mailed by the board to the claimant on September 3, 1999.
The claimant, referred to hereafter as the plaintiff, then appealed to this court on October 12, 1999, pursuant to General Statutes § 31-249b
and section 31-237g-51 of the Regulations of Connecticut State Agencies. The defendant moves to dismiss (#102) the plaintiff's appeal to this court on the basis that the plaintiff waited too long before appealing and had not demonstrated good cause for the late appeal. General Statutes § 31-249a (a) provides that a decision of the board "shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." See also section 31-237g-49 (a) of the Regulations of Connecticut State Agencies. This appeal was filed approximately thirty-nine days after the board's decision was mailed to the plaintiff.
The plaintiff's reason for his late appeal was "I mis read [sic] the paperwork and thought it said October 14, 1999" was the last date to file an appeal with this court. The board concluded that the plaintiff had failed to show good cause for the delayed filing with this court because the board's decision issued to the claimant contained a notice in large bold-face print which stated that: "If you wish to appeal this decision, you must do so by October 4, 1999." The "Notice of Appeal Rights" also indicated that: "This decision shall become final on the thirty-first (31st) calendar day after the mailing unless, before that date, a party either appeals this decision to the Superior Court . . . or moves the Board to reopen . . . the decision." (Emphasis in original). Thus, the board concluded that the plaintiff had failed to present a good reason why he delayed in appealing its decision. Pursuant to section 31-237g-49
(d) of the Regulations of Connecticut State Agencies, the board filed a "proposed decision on the timeliness of any such appeal." The board proposed that: "the Court dismiss the claimant's appeal for lack of jurisdiction," based on its finding that: "A party's misreading of the appeal rights does not provide good cause for an untimely appeal, especially where the claimant failed to seek a clarification of those rights."
General Statutes § 31-249a (a)(1) provides that an appeal shall be considered to be "timely filed" if the filing party demonstrates "good cause, as defined in regulations adopted pursuant to section 31-249h, for CT Page 2248 the late filing." General Statutes § 31-249h states that the board shall adopt regulations which establish a definition of "good cause" for purposes of late filings of appeals.
Section 31-237g-49 (d) of the Regulations of Connecticut State Agencies provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein. The Board, in certifying the record of proceedings to the Superior Court, shall include a proposed decision on the timeliness of any such appeal."
Section 31-237g-49 (c) of the Regulations of Connecticut State Agencies provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the Appeals Division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its motion; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
As pointed out by the board, its decision contains a notice in large, bold-face type that it must be appealed by October 4, 1999. The notice also indicated that its decision would become final thirty-one days after it was mailed to the parties. The proposed decision by the board regarding timeliness of the appeal is logical and reasonable. "[A]ppeals CT Page 2249 within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v.Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986), quotingDerench v. Administrator, 141 Conn. 321, 324, 106 A.2d 150 (1954).
The court finds on the basis of the certified record that the defendant's motion (#102) for judgment, dated December 2, 1999, based on the late filing of an appeal by the plaintiff to this court should be granted. Therefore, judgment enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of February, 2001.
William B. Lewis, Judge