[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Chiquita D. Stephenson (claimant), applied to the named defendant, the administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., for unemployment compensation benefits. The administrator rejected the claim on the basis that the claimant had voluntarily left her part-time employment as a paralegal with an attorney, Donald B. Sherer (employer), in order to pursue full-time employment, and not for reasons attributable to her employer. The claimant did not attend the hearing on December 16, 1997 before the administrator, who stated that the claimant had thereby failed to sustain her "burden of proof . . . to show sufficient cause for leaving [her job]."
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing do novo. The appeals referee scheduled a hearing for October 4, 1998, but the claimant did not appear to pursue her appeal nor did she contact the appeals referee, who thereupon dismissed the appeal. Notice of this dismissal was mailed to the claimant on October 5, 1999.
The claimant filed a motion to "reopen" the referee's decision, alleging that she had been unable to attend the referee's hearing due to illness in her family. The referee asked for further documentation regarding the allegation of illness but the claimant did not respond.[1]
The referee then denied the motion to reopen for failure to show good cause and mailed this decision to the claimant on October 27, 1999.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review CT Page 10621 (board) on September 12, 2000, approximately eleven months after the referee's decision. The board determined that the claimant had not demonstrated "good cause" for the late filing of her appeal, and therefore dismissed the appeal in accordance with section 31-237g-41 of the Regulations of Connecticut State Agencies.[2]
Thereafter, the claimant moved to "reopen" the decision dismissing the appeal. The board denied this motion on November 21, 1990, because the claimant did not offer any reason constituting good cause for the delay in filing her appeal to the board from the decision of the referee.[3]
The claimant, referred to hereinafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. General Statutes §31-248 (a) provides that one must appeal a referee's decision to the board within twenty-one days after the decision is mailed. The board is, however, authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing."
General Statutes § 31-249h provides that the board shall adopt regulations which define "good cause" for purposes of late filings of appeals. Section § 31-237g-34 (c) of the Regulations of Connecticut State Agencies provides that a party may be excused for not filing an appeal of a referee's decision to the board within twenty-one days "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such CT Page 10622 error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost is found in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), where the court found that "the [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986). CT Page 10623
The board's determination that the plaintiff waited too long before appealing the appeal referee's decision and did not demonstrate good cause for this late filing finds support in the record. The appeals referee's decision of November 27, 1999 contained in bold print a notice concerning the right to appeal his decision.[4]
"Appeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review. "Gumbs v. Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986), quoting Derench v. Administrator, 141 Conn. 321, 324, 106 A.2d 150
(1954).
In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the late filing of her appeal. The board's conclusion is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was justified in the present case in reaching its conclusion concerning whether the late filing of an appeal of the referee's decision to the board was excusable. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiffs appeal in accordance with the administrator's motion (#101) for judgment dated March 23, 2001.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of August, 2001.
William B. Lewis, Judge Trial Referee