[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Christopher M. Garafolo (claimant), applied for unemployment compensation benefits after his employment was terminated by his former employer, the Board of Education of the town of Greenwich (employer). The claimant had been working for this employer for about five months as an instructional aide in an elementary school.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), determined, pursuant to General Statutes § 31-222 et seq., that the claimant's employment had been terminated for wilful misconduct by falsifying his time sheet "by arriving at 9:30 a.m. on January 19, 2000 and indicating that he reported at 8:30 a.m."
General Statutes § 31-236 (a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of the individual's employment." "Wilful misconduct" is defined as "deliberate misconduct in wilful disregard of CT Page 13852 the employer's interest." General Statutes § 31-236 (a)(2) (16). The decision stated that the award would become "final on the twenty-second (22) calendar day after the date of mailing" unless an appeal was filed.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment security appeals division on November 2, 2000, where it was referred to an appeals referee for a hearing de novo. The appeals referee made the following factual findings: (1) the administrator's decision regarding payment of benefits was mailed to the claimant at 10 Stuart Drive, Old Greenwich, his last-known address, on February 28, 2000; (2) the claimant contended that he had not received this notice, but by the next month, March, 2000, the claimant would have known about the decision of the administrator because he would have been notified by that time that his application for benefits had been denied; (3) the claimant's excuse for his late filing, that he had been told by a Labor Department employee that there was no time limit to appeal an administrator's decision, was not "credible;" and (4) there was no good cause for waiting to appeal from at least March of 2000 until November of 2000. The referee dismissed the claimant's appeal on the ground that she lacked jurisdiction to decide the appeal because of the late filing.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249, asserting that he feared retribution from the employer if he appealed the administrator's decision. The board adopted the referee's conclusion that she lacked jurisdiction to decide the appeal and ruled that the claimant had not offered any reason for the late appeal which would satisfy the requirement of good cause.
The claimant then filed with the board a motion for review or reconsideration of its decision. He claimed that he had been told by an employee of the Connecticut Department of Labor in its Stamford office that he could file an appeal with the referee whenever he wanted, and that there was no time limit for such an appeal. The claimant identified the employee who allegedly made such statement. The board then held a hearing at which this employee, Thoumma Khammanivong, denied that she ever told anyone that there was no time limit to an appeal, as she was well aware, after some twenty years of employment, that there was in fact a 21 day appeal period. The board declined to open its original decision and stated that: "Based on the testimony before the Board, the claimant has not established that he was misinformed by the Administrator or that administrative error was a factor in his filing a late appeal."
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, alleging that he had CT Page 13853 good cause for not filing an appeal of the administrator's decision for over nine months after it was rendered. The plaintiff reiterated his contention that the principal in the elementary school to which he was assigned was vindictive and he feared that an appeal would have jeopardized his wife's job as a teacher in the same school. The board filed a return of record, and a hearing was held before this court on June 20, 2001.[1]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted). Methodic Museum-Methodic Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, CT Page 13854 appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
General Statutes § 31-241 (a) provides in pertinent part that a decision of the administrator shall be "final" unless an appeal is taken therefrom "within twenty-one calendar days after such notification was mailed to [the appealing party's] last-known address," unless the "filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes §31-249h requires the Board to promulgate regulations defining "good cause" relating to the timeliness of filing appeals.
Section 31-237g-15 (b) of the Regulations of Connecticut State Agencies provides that the late filing of an appeal to a referee maybe excused "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the referee shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with [the] administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause[,] the referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
"[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review."Gumbs v. Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986), quoting Derench v. Administrator, 141 Conn. 321, 324, 106 A.2d 150
(1954). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for the delayed appeal, based on the factors enumerated in the regulations. The board's conclusion that the plaintiff did not file his appeal in a timely fashion was within the CT Page 13855 board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
Neither the board or this court has jurisdiction to hear the plaintiff's appeal. Without the requisite jurisdiction, this court is powerless to act. "[Wihenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." In re Judicial Inquiry No. 85-01, 221 Conn. 625, 629,605 A.2d 645 (1992).
The court finds, on the basis of the certified record, that the defendant board was justified in the conclusions it reached concerning the late filing of an appeal to the referee. Therefore, the board's motion (#101) for judgment dated March 23, 2001, is granted, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of October, 2001.
William B. Lewis, Judge T.R.