[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On or about August 31, 2000, the plaintiff was advised by mail that the defendant Administrator had denied her claim for unemployment benefits. This notice also advised her that she had 21 days within which to appeal.
The plaintiff was represented at that time by counsel in connection with a worker's compensation claim and the defendant's decision was delivered to him. No action was taken to appeal the decision
Prompted by the action of another state agency on an unrelated matter, the plaintiff filed this appeal on January 29, 2001.
The defendant has raised the issue of the court's jurisdiction to hear this appeal since the 21 day limitation period had elapsed long before January 29, 2001, the date of the appeal.
 DISCUSSION
The failure to adhere to an applicable statute of limitations deprives a court of jurisdiction. (Citations omitted). Specifically, "[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come "too late' for review. "Gumbs v.Administrator, Unemployment Compensation Act", 9 Conn. App. 131, 133,517 A.2d 257 (1986) (on point in applying Conn. Gen. Stat. § 31-241). CT Page 16066 This is so even when construing the Act as a remedial statute for unemployment benefits. Id.
This failure to appeal within the prescribed 21 day period deprives this court of jurisdiction and the appeal must be dismissed.
 Anthony V. DeMayo, Judge Trial Referee