[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert Schluensen, originally filed a claim for unemployment compensation benefits against his former employer, Security Specialists Advanced Electronic Systems. This court, in a decision dated December 10, 1999, affirmed a ruling by the Board of Review which denied benefits to the plaintiff on the basis that he had left his job voluntarily and without good cause attributable to the employer. The administrator for the Department of Labor subsequently determined that the plaintiff had been overpaid and was obligated to repay $3,720 representing benefits he had previously received.
The administrator also ruled on the basis of General Statutes §31-273[1] and section 31-273-4 (a) of the Regulations of Connecticut CT Page 2947 State Agencies[2] that the order of repayment was not based on "gross administrative error." Hence, the administrator ordered repayment of $3,720 by the plaintiff.
Pursuant to General Statutes §§ 31-241 and 31-242, the plaintiff appealed the administrator's decision to the employment security appeals division of the Department of Labor where it was referred to an appeals referee for a hearing de novo. The appeals referee made the following factual findings: (1) the original decision of the previous appeals referee denying benefits was reasonable; (2) the plaintiff was obliged to repay benefits he had received during the period from September 5, 1998 to November 7, 1998 to which he was not entitled; and (3) the overpayment should not be waived because the plaintiff did not meet the criteria for such a waiver. Thus, the appeals referee affirmed the administrator's decision ordering repayment of unemployment benefits.
In accordance with General Statutes § 31-249, the plaintiff appealed this decision to the employment security appeals division board of review (board). The board determined that: "[t]he claimant's contentions all go to the merits of his separation and whether he quit or was fired." Therefore, the board affirmed the ruling of the appeals referee.
The plaintiff then moved to reopen the board's decision to permit him to introduce in a new hearing new facts about whether he was fired or left employment voluntarily. In response, the board reiterated its belief that it lacked jurisdiction because there was a final decision of this court on this same subject. The board said that its jurisdiction was limited to the issues of whether there had been an overpayment and whether repayment should be waived.[3] This decision on the motion to open, affirming the order of repayment, was mailed by the board to the plaintiff on March 21, 2001.
As authorized by General Statutes § 31-249b, the plaintiff appealed to this court on April 30, 2001. The defendant has moved that the plaintiff's appeal to this court be dismissed on the basis that the plaintiff waited too long before appealing and had not demonstrated good cause for the late appeal. General Statutes § 31-249a (a) provides that a decision of the board "shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." The board reviewed the late appeal and, pursuant to section 31-237g-49 (d) of the Regulations of Connecticut State Agencies, recommended that the appeal be dismissed by this court for lack of jurisdiction.
General Statutes § 31-249a (a) also provides that an appeal shall CT Page 2948 be considered to be "timely filed" if the filing party demonstrates "good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h states that the board shall adopt regulations which establish a definition of "good cause" for purposes of late filings of appeals.
Section 31-237g-49 (d) of the Regulations of Connecticut State Agencies provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein."
Section 31-237g-49 (c) of the Regulations of Connecticut State Agencies provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely motion to reopen. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the Appeals Division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its motion; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
The board determined that the plaintiff had not demonstrated good cause for his late filing of an appeal to this court. The plaintiff's mother-in-law, who had not been in good health, had died about a week before the board's decision had even been rendered, and the board further determined that the plaintiff was familiar with the appeal procedure. The board's motion to dismiss based on a delay of filing an appeal to this CT Page 2949 court is logical and reasonable. The plaintiff failed to present adequate and convincing evidence of the reason for his late appeal. "[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come "too late' for review." Gumbs v.Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986), quotingDerench v. Administrator, 141 Conn. 321, 324, 106 A.2d 150 (1954).
The court finds on the basis of the certified record that the defendant's motion (#101) for judgment, dated August 20, 2001, based on the late filing of an appeal by the plaintiff to this court should be granted. Therefore, judgment enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of March, 2002.
William B. Lewis, Judge T.R.